

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2008

# USA v. Laynas

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1482

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Laynas" (2008). *2008 Decisions*. Paper 1335.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1335

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

Nos. 04-1482, 04-1483

———

UNITED STATES OF AMERICA

v.

JOHN DOE,
<u>Appellant</u>

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Nos. 01-cr-00565-2, 01-cr-00566-2)
District Judge: Honorable Berle M. Schiller

———

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2008

Before: SLOVITER, JORDAN, and ALARCÓN,[*] <u>Circuit Judges</u>

Filed: April 21, 2008

———

OPINION

———

SLOVITER, <u>Circuit</u> <u>Judge</u>.

    Appellant, John Doe, who pled guilty to participation in two drug conspiracies,

———

[*]Hon. Arthur L. Alarcón, Senior Judge, United States Court
of Appeals for the Ninth Circuit, sitting by designation.

seeks review of the District Court's order sentencing him to two concurrent 100 month prison sentences. He argues that this sentence created an unwarranted sentencing disparity, that we should not enforce his waiver of appeal, and that he was prejudiced because the District Court applied the advisory guidelines as mandatory. In response to the last of John Doe's arguments, the government agrees that this matter should be remanded for resentencing.

## I.

In 2001, John Doe was indicted with respect to two separate conspiracies to traffic marijuana in excess of 1,000 kilograms and methamphetamine in excess of 14 kilograms. The conspiracies involved five other men, three of whom were indicted in connection with both conspiracies. Carlos Rivera was only indicted in connection with the marijuana conspiracy. John Doe pled guilty to the methamphetamine conspiracy charges in April 2002, and entered into a cooperation plea agreement, which contained a waiver of appeal, with regard to the marijuana conspiracy. The government promised to consolidate the two cases if John Doe fulfilled his obligations under the agreement. At the 2004 sentencing, the cases were consolidated and the combined drug calculations placed John Doe at a base offense level of 36 and a criminal history level of II under the Guidelines, which, after a three-level adjustment for acceptance of responsibility, resulted in a sentencing range of 151 to 188 months. The statutory mandatory minimum sentence was ten years in each case.

John Doe sought a downward departure from the Guidelines and the statutory minimum in consideration of his cooperation and assistance in the prosecution of Rivera (the leader of the marijuana conspiracy). The government moved pursuant to section 5K1.1 for a downward departure from the Guidelines. Accordingly, the District Court departed downward from the Guidelines and imposed a sentence of 100 months for each conspiracy charge, to run concurrently.

John Doe filed an appeal and the government responded with a motion to dismiss the appeal of the marijuana sentence in light of the appellate waiver. The motion was referred to the merits panel and is addressed below.

## II.

In response to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court held that when the Sentencing Guidelines are treated as mandatory by the District Court, prejudice is presumed and the matter should be remanded for resentencing. United States v. Davis, 407 F.3d 162, 164-65 (3d Cir. 2005) (en banc). Because in this case the District Court departed downward from mandatory rather than advisory Guidelines, resentencing is required in the methamphetamine case under our Davis precedent. Id.

John Doe signed an appellate waiver in the marijuana case. He argues the government should not be entitled to invoke the appellate waiver on the marijuana conspiracy charge because his waiver was not knowing and voluntary. We need not

3

consider his argument because the government has withdrawn its motion to enforce the waiver in light of the interrelated nature of the methamphetamine and marijuana cases.[1]

John Doe further argues that remand is necessary because there was a disparity in sentencing. Specifically, he cites a disparity between his sentence and that of a co-defendant, Rivera, whom he characterizes as the leader of the conspiracies. Of importance, however, is the fact that Rivera led only the marijuana conspiracy, and was not charged in connection with the methamphetamine conspiracy. John Doe and Alejandro Hernandez were charged in connection with the methamphetamine conspiracy. Moreover, methamphetamine offenses are treated more harshly than marijuana related offenses. See 21 U.S.C. § 841(b)(1) (treating one gram of methamphetamine as harshly as twenty kilograms of marijuana, a ratio of 20,000 to 1). However, because Davis requires resentencing under the advisory Sentencing Guidelines, John Doe will have the opportunity to make the disparity argument before the District Court at resentencing, and we need not reach the disparity argument at this time.

---

[1] In United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007), we held that we have subject matter jurisdiction over a defendant's appeal notwithstanding defendant's waiver. We stated further that we will ordinarily not exercise that jurisdiction, but the government's withdrawal of its motion to dismiss provides adequate reason for us to accept jurisdiction over John Doe's appeal.

4

**III.**

For the reasons set forth, we will remand these cases to the District Court for resentencing.